IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| EDUARDO CASTELAN-PRADO et al. | : | NO. 21-274-1 |

MEMORANDUM

Bartle, J.                                                May 27, 2022

Defendants Eduardo Castelan-Prado and Jose Reyes Ochoa have been indicted on counts of conspiracy to commit kidnapping (18 U.S.C. § 1201(a)(1), (c), (g)) and kidnapping (18 U.S.C. § 1201(a)(1), (g)).  Before the court is the discovery motion of defendant Castelan-Prado.

The indictment alleges the following facts.  On June 14, 2021, Castelan-Prado and Ochoa accosted J.S., a seventeen-year-old, outside of his Philadelphia place of employment.  They forced J.S. into their vehicle.  One of the two defendants drove J.S.'s car and parked it by a grocery store approximately a mile away.  The other defendant drove with J.S. and met his co-conspirator where he parked J.S.'s car.  He picked his co-defendant up and they drove with J.S. to New Jersey.

Meanwhile, J.S.'s father discovered his son's vehicle where it was parked that evening.  Philadelphia Police reviewed security footage of the area where J.S.'s car was parked, which

revealed that the vehicle the kidnappers were driving was a black Jeep Grand Cherokee.

Between June 14 and 16, 2021, the defendants placed multiple ransom calls to J.S.'s parents in which they demanded $500,000 in exchange for his safe return.  Agents from the Federal Bureau of Investigation ("FBI") tracked these ransom calls and determined that they originated near the intersection of Grand Avenue and Lakeview Avenue in Leonia, New Jersey.  When FBI agents informed local police that they would be searching the area for the suspect vehicle, Leonia Police Detective Mike Jennings recounted a Drug Enforcement Administration ("DEA") investigation that involved a black Jeep Grand Cherokee associated with the address 29A Lakeview Avenue in Leonia.

The FBI learned that the vehicle was equipped with cellular services provided by AT&T.  It obtained from AT&T the vehicle's location history, which showed that the vehicle was in the vicinity of J.S.'s place of employment at the time of the kidnapping.  Thereafter, the FBI conducted surveillance at 29A Lakeview Avenue and was able to locate the suspect vehicle.

On June 16, 2021, a Bergen County Prosecutor's Office detective obtained a search warrant for 29A Lakeview Avenue. The FBI obtained additional search warrants for this address. The affidavits in support of both a New Jersey and a federal search warrant reference a DEA drug investigation of R.R. who

-2-

resided at 29A Lakeview Avenue, Leonia, New Jersey, and was the registered owner of a black Jeep Grand Cherokee with a California license plate. The affidavit further stated that the vehicle was in the area of the victim's place of employment at the approximate time he was kidnapped.

The defendant seeks documents related to the DEA investigation of R.R. under Rule 16(a)(E)(i) of the Federal Rules of Criminal Procedure. The Government has refused to produce this file on the ground that Castelan-Prado's motion is untimely, and even if not, the discovery is not material to preparing his defense.

Rule 16(a)(E)(i) provides:

> (E) Documents and Objects. Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
>
> > (i) the item is material to preparing the defense; . . . .

First, Castelan-Prado's motion for discovery is untimely. The criminal complaint in this matter, which was issued in June 2021, referenced R.R.'s role in a DEA investigation. The Government asserts, and Castelan-Prado's counsel does not deny, that the defense was aware that the

search warrant contained this reference no later than November 2021.  Although pre-trial motions in this matter were initially due on October 29, 2021, the court entered a second scheduling order on February 3, 2022, that delayed the deadline for pre-trial motions until March 1, 2022.  <u>See</u> Doc. #26.  Castelan-Prado filed the present motion on May 23, 2022--well after the court's deadline, and a mere seventeen days before trial.  Furthermore, Castelan-Prado does not identify any ground upon which the court could find "good cause" to excuse the motion's tardiness.  <u>See</u> Fed. R. Cr. P. 12(c)(3).

In addition, even if the court should excuse this delay, Castelan-Prado has not demonstrated that the discovery about R.R.'s alleged involvement in the distribution of drugs is material to his defense.  R.R. is not a defendant or a Government witness.  Moreover, the charges here against the defendants are conspiracy to kidnap and kidnapping.  There are no drug charges.  There is simply nothing before this court to show that the production of that separate DEA investigation file would constitute exculpatory evidence or impeachment evidence or would in any way be material to Castelan-Prado's preparation for trial.

Castelan-Prado further argues that the production of the investigative file on R.R. was necessary to support a motion to suppress evidence under <u>Franks v. Delaware</u>, 438 U.S. 154

-4-

(1978).  Under Franks, evidence will be suppressed if the warrant issued "contained false statements made with reckless disregard for the truth and . . . the remaining truthful statements, standing alone, do not establish probable cause." United States v. Desu, 23 F.4th 224, 234 (3d Cir. 2022) (citing Franks, 438 U.S. at 171-72).  The defendant must make a "substantial preliminary showing" of two elements to succeed: "(1) whether a warrant application contains false statements made with reckless disregard for the truth and (2) whether the remaining truthful statements could establish probable cause by themselves."  Id. (quoting Franks, 438 U.S. at 170).  To do so, the defendant "must present an offer or proof contradicting the affidavit, including materials such as sworn affidavits or otherwise reliable statements from witnesses."  Id. (quoting United States v. Yusuf, 461 F.3d 374, 383 n.8 (3d Cir. 2006)).

Castelan-Prado's argument is without merit.  He has not shown that discovery would support a claim that the affiants made any false statements.  Rather, he is engaged in a fishing expedition.

Accordingly, the motion of Castelan-Prado for discovery will be denied.