# UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | NO. 2:21-cr-00274 |
| JOSE REYES OCHOA | : | |
| Defendant. | : | |

### DEFENDANT'S SENTENCING MEMORANDUM

Defendant, Jose Reyes Ochoa, by his attorney Peter J. Scuderi, Esquire, and Herbert McDuffy, Esquire hereby submits his Sentencing Memorandum and in support thereof, avers the following:

### PRELIMINARY STATEMENT

As an aside, the Court chided defense counsel for sending an ex-parte communication and not copying the Government on its request for a continuance. This is inaccurate. The continuance letter was sent by email upon which the Government was copied. A copy of the email is reproduced below:

**pete scuderi <5000pjs@gmail.com>**　　　　　　　　　　　　　　　　　　Fri, Oct 7, 11:17 AM (7 days ago)

to Chambers, hmcduffy_aol.com, katherine.shulman@usdoj.gov, James

Deer Judge Bartle/L

Please see attached correspondence.

Thank you for your time.

The Government's counsel was copied on the letter.

In the initial Pre-Sentence Report, the Presentence investigator concluded that Defendant's guidelines were life. Neither the Government or Defendant objected to paragraph 87 which stated:

　　　　87.　　In determining an appropriate sentence, 18 U.S.C.

> §3553(a) instructs that among other things, the Court must consider the history and characteristics of the defendant. The defendant's criminal history is limited to one prior conviction, and he has never served a period of incarceration. A sentence of life imprisonment may be greater than necessary to achieve the purposes of sentencing set forth in 18 U.S.C. § 3553(a). The Court may consider such factors when fashioning an appropriate sentence in this case.

In the revised Pre-Sentence Report, paragraph 88 contains the exact same language, word for word, even though the guidelines have been revised to 360 to life. Possibly, this paragraph is an opinion of the Presentence investigator that the mathematical computations overstate the guidelines. It also may be a recognition contained in paragraph 65 of the Pre-Sentence Report that Defendant took every possible program while in custody.

## **PRE-SENTENCE REPORT**

Defendant submitted objections to the pre-sentence report. Generally, Defendant's objections, although technically do not void most of the enhancements, strongly suggest that Defendant was a minimal participant.

The pre-sentence report accurately reflects Defendant's objections and accurately notes that Defendant is technically responsible for all jointly undertaken activity of the conspiracy. It also correctly notes the absence of individual activity on behalf of the Defendant on the jointly undertaken activity may provide a basis for the investigator's ultimate conclusion. Even though Defendant may be responsible for the jointly undertaken activity, it does not necessary mean he was not a minimal participant in the jointly undertaken activity. For example, his 3000-mile bus ride from the west coast to the east coast was not a material factor in the kidnapping. Similarly, the fact that he was taking tourist type videos on his bus trip had nothing to do with the kidnapping. He could have flown or taken an airplane. There is no contention that he was not

present at the scene of the kidnapping. However, his "surveillance" and picture-taking was far less than the others. There was no indication that Defendant used a gun or made a ransom call or attempted to harm the victim. Ransom calls and the use of a gun are certainly material elements of a kidnapping. According to the evidence, he may have been looking out the front window. Defendant was found face down partially in the bathroom but not in the room where the shooting occurred.

The pre-sentence investigator did not deduct any points from Defendant's offense level for a minimal role. It appears that §3B1.2. was written for Defendant.  It is difficult to construct an argument as to why Defendant would not qualify for the adjustment either be referring to the plain language of the section, the case law, or the compelling facts of the case.  Clearly, Defendant was far less culpable than the average participant.

The fact that the Defendant is responsible under the enhancing guidelines does not mean that he is not eligible for the minimal role deduction.

Even though his relevant conduct under §1B1.3 was limited to the conduct in which she was personally involved, she is still eligible for this deduction under Application Note 3(A) which states: "This section provides a range of adjustments for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant...A defendant who is accountable under' 1B1.3(relevant conduct) only for the conduct in which the defendant personally was involved and who performs a limited function in concerted criminal activity is not precluded from consideration for an adjustment under this guideline."

It is difficult to create a factual circumstance more on point.  It is not suggested that defendant is not criminally responsible.  But obviously, there is a huge gap in the

relative culpability of the defendants and defendant is the least culpable.

In *United States v. Tsai*, 954 F.2d 155(3rd Cir 1991), the Court comprehensively discussed the factors and law utilized in analyzing upward and downward adjustments for roles in the offense. The Court concluded that the two concepts are not mutually exclusive:

> Defendant contends, however, that the district court erred in not offsetting these points with a corresponding two-point reduction under USSCG § 3B1.2(b), because defendant also qualified as a minor participant in the offense. Defendant submits that on facts like those present here, aggravating and mitigating roles in the offense, as defined by the Guidelines, can coexist, and that where they do, they should be deemed to cancel each other out. The government disagrees and asserts a logical inconsistency.
> Defendant submits that the evidence shows that his brother, Tommy Tsai, was the scheme's leader and that, whenever his brother was present, defendant deferred to his authority. In essence, defendant contends that his role was to carry out instructions that he received by fax from Taiwan, even when he acted alone. While not denying that he was more culpable than Rosen, defendant asserts that he was less culpable than his brother and the officials of the Chung Shan Institute of Science and Technology who sought to acquire United States military technology.
> The Guidelines define a minor participant as one who is less culpable than most other participants, but whose role could not be described as minimal. USSCG § 3B1.1, note 3. According to the application note, the participants that must be considered in this comparison include all those who were criminally responsible for the commission of the offense, but ... not ... convicted. Id. at note 1.15. **The district court apparently assumed that because it had (properly) found that there could be an upward adjustment for role in the offense, there could be no downward adjustment for less than average culpability. This assumption is incorrect. Nothing in the Guidelines or in the enabling legislation, the Sentencing Reform Act, 18 USC " 3551 to 3585 (1988), compels that conclusion.**

Id. at 166-167. (Emphasis added.) *Accord, United States v. Atlantic States Cast Iron Company*, 627 F.Supp.2d.189 (D.C.N.J 2009).

The present case differs from the *Tsai* case in that, in this case the leader was Rodriguez who was killed and never charged with a crime. Still, the Court felt that *Tsai* should logically be entitled to a mitigating role reduction.

Defendant also objected to the enhancement of a vulnerable victim in paragraph 34 of the

Pre-Sentence Report. The report correctly references the case law cited by the Government and the application note. This section also requires the application of common sense. The victim was over 17 and not yet 18. He drove a modified gullwing BMW. He knew his father was a drug dealer. To label him as a vulnerable victim is a far stretch.

If six points are deducted, Defendant's adjusted guidelines score is 36. With a criminal offense category of II, his guidelines are 210-262 months with a mandatory minimum of 240 months.

**CONCLUSION**

Whether identified as a departure or variance, there are factors which should be considered as part of the §3553 analysis that would entitle defendant to a sentence below the guidelines. The case law on this subject is extensive but basically provides the Court with common sense discretion to impose an appropriate sentence.

The Court is aware of the case law considering in its discretion in sentencing Defendant. There is no need to repeat the factors or considerations of which the Court is well aware.

Defendant's surveillance was limited. He fed the victim. There is no indication that he threatened the victim or threatened anyone. There is no indication that his surveillance was essential to the crime. His purchase of the phones was not exactly critical to the endeavor.

For the foregoing reasons, Defendant, Jose Reyes Ochoa, respectfully requests an appropriate sentence.

Respectfully submitted,

s/Peter J. Scuderi
Peter J. Scuderi, Esquire
2000 Market Street, Suite 2803
Philadelphia, PA 19103
(215) 796-0993
Attorney for Defendant Ochoa

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing motion has been and served on counsel.

                                                   s/Peter J. Scuderi
                                                   Peter J. Scuderi, Esquire
                                                   2000 Market Street
                                                   Suite 2803
                                                   Philadelphia, PA 19103
                                                   (215) 796-0993
Date: 10/14/22                        Attorney for Defendant Ochoa

For all of the foregoing reasons, the Government's Motion should be DENIED.

Respectfully submitted,

Dated: 5/17/22        */s/ Peter J. Scuderi*

PETER J. SCUDERI, ESQUIRE
2000 Market Street, Suite 2803
Philadelphia, PA 19103
(215) 796-0993
5000pjs@gmail.com
Attorney for Defendant
Jose Reyes Ochoa

**CERTIFICATE OF SERVICE**

I, Peter J. Scuderi, Esquire, hereby certify that a true and correct copy of the foregoing document was served electronically on all counsel of record on this date.

/s/ *Peter J. Scuderi*

PETER J. SCUDERI, ESQUIRE
2000 Market Street
Suite 2803
Philadelphia, PA 19103
(215) 796-0993
5000pjs@gmail.com
Attorney for Defendant,
Jose Reyes Ochoa

Dated: 5/17/22